UNITED STATES *v.* MITCHELL (No. 2340).[1]

EVIDENCE, PRESUMPTION FAVORS COLLECTOR—LAST BLOCKS.

Merchandise was described in the invoice as "last blocks" and also "split blocks," was entered as "split last blocks," and was assessed as "last blocks" under paragraph 404, tariff act of 1922. It was claimed to be entitled to free entry under paragraph 1700 as crude timber not specially provided for, but the evidence not being sufficient to overcome the presumed correctness of the collector's classification, the judgment of the Board of United States General Appraisers sustaining the protest is reversed.

United States Court of Customs Appeals, February 25, 1924.

APPEAL from Board of United States General Appraisers, Abstract 46383.

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Fred J. Carter,* special attorneys, of counsel), for the United States.

No appearance for appellee.

[Oral argument February 15, 1924, by Mr. Lawrence.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

HATFIELD, Judge, delivered the opinion of the court:

An importation described in the invoice as "last blocks" and also as "split blocks," and described in the consumption entry as "split last blocks," was assessed for duty by the collector as "split last blocks" at the rate of 10 per cent ad valorem under paragraph 404 of the tariff act of 1922, which reads as follows:

PAR. 404. Hubs for wheels, posts, heading bolts, stave bolts, last blocks, wagon blocks, oar blocks, heading blocks, and all like blocks or sticks, rough-hewn, or rough shaped, sawed or bored, 10 per centum ad valorem.

In his protest against the assessment the importer claimed that the merchandise was entitled to free entry under paragraph 1700 of the tariff act of 1922, the pertinent part of which reads as follows:

PAR. 1700. .Wood: Logs; timber, round, unmanufactured, hewn, sided or squared otherwise than by sawing; pulp woods; round timber used for spars or in building wharves; firewood, handle bolts, shingle bolts; and gun blocks for gunstocks, roughhewn or sawed or planed on one side; sawed boards, planks, deals, and other lumber, not further manufactured than sawed, planed, and tongued and grooved; clapboards, laths, ship timber; all of the foregoing not specially provided for. * * *

At the hearing before the Board of General Appraisers no testimony was offered by either side, the case being submitted on the official record, including a sample of the merchandise.

The Board of General Appraisers in sustaining the protest held that—

* * * The merchandise involved has not been "roughhewn" or "rough shaped." It is simply sawed and split, and it differs both in shape and con-

---

[1] T. D. 40052.

dition from the merchandise under consideration by the court in the Rochester Last Works case, supra.

In these pieces of wood the form of last blocks, even in the crudest shape, is entirely missing and they are therefore not classifiable under paragraph 404.

We are unable to see from an examination of the merchandise, unaided by testimony explanatory of the subject, that the merchandise described in the invoice as "last blocks" and also as "split blocks," and described in the consumption entry as "split last blocks," and found by the collector to be—

"split last blocks" *shaped* by being split radially from maple bolts approximately 13 inches long, heart section removed, and are about 5 inches wide on the outside tapering to about 2 inches on the narrow side in a radial depth of 6 inches—

and assessed by him under paragraph 404 of the act of 1922, is not in fact that which the collector found it to be. On the contrary, it seems to us by an inspection of the sample and by an examination of the official record that the merchandise was properly assessed by the collector; it was invoiced as "last blocks;" it was entered by the *importer* as "split last blocks" and he has not since appeared to withdraw his characterization of the merchandise.

In any event, we think that a nonexpert examination of the sample of the merchandise in this case does not disclose facts sufficient to overcome the legal presumption of correctness of the collector's classification.

The judgment of the Board of General Appraisers is accordingly *reversed*.